UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John McCombs,<br><br>                    Plaintiff,<br><br>v.<br><br>John McGill, Director of the Department of Mental Health;<br>Chad Lominick, Director of the Sexually Violent Predator Treatment Program (SVPTP);<br>Henry McMasters, Attorney General,<br><br>                    Defendants. | ) C/A No.  8:09-159-RBH-BHH<br>)<br>)<br>)<br>)       REPORT<br>)         AND<br>)   RECOMMENDATION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

This case is before the Court because of Plaintiff's failure to comply with the undersigned's Order of February 17, 2009 (Order) (Docket Entry # 9), and because of Plaintiff's failure to prosecute this case in a timely manner.  This case was filed *pro se* on January 26, 2009, by Plaintiff, who is a patient of the Sexually Violent Predator Treatment Program.  Following initial review, the Order was issued directing Plaintiff to submit certain documents required to bring this case into proper form for consideration of whether service of process should be authorized.  Specifically, Plaintiff was ordered to  provide completed service documents (summonses and Forms USM-285), which are necessary for possible service of process on the Defendants.

In the Order, Plaintiff was specifically informed: "**If Plaintiff does not bring this case into proper form within the time permitted under this Order, this case could be dismissed for failure to prosecute.**"  (Docket Entry # 9.)  The Order was mailed to Plaintiff on February 17, 2009, and the deadline set for Plaintiff's compliance was March 12, 2009. The envelope in which the Order was mailed was not returned undelivered, thus it is presumed

that Plaintiff received his copy of the Order.  However, the deadline for compliance has lapsed and Plaintiff has failed to respond to the Order or provide the required service documents (summonses and Forms USM-285).   Applying the four-factor test of *Davis v. Williams* , 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, Plaintiff's failure to respond to the Court's Order indicates an intent on Plaintiff's part not to prosecute this case.

RECOMMENDATION

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute this case.  *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court").

s/Bruce Howe Hendricks
United States Magistrate Judge

March 30, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).